IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SARAH H.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,

    Defendant.

**Civ. No. 1:22-cv-01831-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Sarah H. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    The Commissioner concedes that the Administrative Law Judge ("ALJ") decision contains legal errors but argues that the appropriate remedy is to remand for further proceedings. Because the record has been fully developed and further proceedings would serve no useful purpose, the Commissioner's decision is REVERSED, and this case is REMANDED for immediate award of benefits.

///

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on March 19, 2018, alleging disability since July 1, 2015. Tr. 340. Her claim was denied initially and upon reconsideration. Tr. 204–215. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Steven De Monbreum on February 11, 2021. Tr. 129–57. In a written decision dated November 30, 2021, ALJ Monbreum determined Plaintiff was not disabled under the Social Security Act. Tr. 84–108. Plaintiff sought review from the Appeals Council; the Appeals Council declined. Tr. 1–7. Plaintiff now seeks judicial review of the Commissioner's final decision.

Plaintiff is currently 53 years old. *See* Tr. 101. Plaintiff has a high school education and previous work experience in the service industry, including as a hotel desk clerk and a home health aide. Tr. 381, 100. Plaintiff alleges disability due to major depressive disorder, bipolar disorder, degenerative disc disease and back pain, and a history of thyroid cancer status post-surgery. Tr. 90, 169, 175.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the

evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff argues the Administrative Law Judge ("ALJ") erred by (1) failing to properly evaluate the medical opinions of Mirela Cvijanovic, MD, and Clarke Young, PT; (2) discounting Plaintiff's subjective symptom testimony; and (3) discounting lay witness testimony. Pl.'s Br. 5–22, ECF No. 13. The Commissioner concedes that the ALJ erred by failing to properly evaluate the medical opinions of Dr. Cvijanovic and PT Young but argues that further proceedings are warranted to evaluate conflicting medical information. Def.'s Br. 3–5, ECF No. 15.

Because the ALJ erred, the question is whether to remand for further administrative

3 – OPINION AND ORDER

proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.
>
> *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these three factors are

met, the Court must remand for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. Despite the ALJ's errors, Defendant argues this case should be remanded to allow the Commissioner to re-evaluate the conflicting evidence and further develop the record. Def.'s Br. 2. The Commissioner also argues that there is "serious doubt as to whether [Plaintiff] is, in fact, disabled." Def.'s Br. 6. The Court disagrees.

**I.    The ALJ's Errors**

   **A. Medical Opinion Evidence**

Here, it is undisputed that the ALJ erred by failing to properly evaluate the opinions of Mirela Cvijanovic, M.D., and Clarke Young, PT. The Ninth Circuit has clarified that under the new regulations, "the former hierarchy of medical opinions – in which we assign presumptive weight based on the extent of the doctor's relationship – no longer applies." *Woods*, 32 F.4th at

787. Now, an ALJ's "decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* "The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are *supportability* and *consistency*." *Id.* at 791 (emphasis added) (internal quotations omitted); 20 C.F.R. § 404.1520c(a). However, the Ninth Circuit clarified that "the extent of the claimant's relationship with the medical provider – what we will refer to as 'relationship factors' – remains relevant under the new regulations." *Id.* at 790.

Dr. Cvijanovic consultatively examined Plaintiff and concluded that she could lift up to ten pounds, could only sit or stand for up to four hours, and could only walk for up to two hours because of her pain. Tr. 936–37. The ALJ found Dr. Cvijanovic's opinion "persuasive with respect to the claimant not being precluded from performing light work, [but] there is no evidence in the record to support a finding that [Plaintiff] would not be able to lift more than 10 pounds." Tr. 99.

The ALJ similarly discredited Plaintiff's treating physical therapist's opinion. PT Young stated that claimant would have to take frequent 15-minute breaks to rest due to her "significant" pain, and she could lift no more than 10 pounds. Tr. 687–88. The ALJ found PT Young's opinion unpersuasive because "the remaining evidence shows that [Plaintiff] has a severe back impairment, but there is no indication that she would require frequent rest breaks to lie down and need to miss work three or four times per month." Tr. 98.

The remaining evidence, however, does not discredit PT Young's or Dr. Cvijanovic's opinions. For example, another of Plaintiff's treating physical therapists, Rachel Gregory, PT, found that Plaintiff's pain was "persistent" and "has not responded as well as hoped with therapy interventions." Tr. 997. Another treating physician, Jennifer Wise, M.D., noted that even with some improvement from physical therapy, Plaintiff struggled to do household chores like doing

5 – OPINION AND ORDER

dishes and the making bed and needed frequent breaks. Tr. 883. Plaintiff has undergone physical therapy several times and has asked to continue because of continuing pain. Tr. 976. Gregory Cole, Ph.D., evaluated Plaintiff and noted that "the primary factors affecting the claimant's vocational success are pain and emesis." Tr. 521; Tr. 934–35. These medical findings are further supported by Plaintiff's own symptom testimony, which includes a long history of severe back pain limiting her workplace abilities. Accordingly, the ALJ's findings here are not supported by substantial evidence.

### B. Plaintiff's Subjective Symptom Testimony

The ALJ also failed to identify specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony. An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "The ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added). Specific, clear and convincing reasons are those which "identify what testimony is not credible and what evidence

6 – OPINION AND ORDER

undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified that her mental and physical conditions would cause her to miss work. Tr. 144. Plaintiff described her back pain as "excruciating," and is aggravated by "walking, sitting, standing, [and] lying down." Tr. 136. Plaintiff testified that she is only able to stand for ten minutes before needing to rest for thirty minutes, and in an eight-hour workday would have to spend three and a half hours lying down. Tr. 136–37. Plaintiff testified that after her thyroidectomy, she has experienced near-daily vomiting episodes often brought on by talking. Tr. 135–36. She described these vomiting episodes as sudden, often occurring without time to make it to a bathroom, and taking about 20 minutes to pass. Tr. 135–36.

The ALJ found that Plaintiff's conditions "could reasonably be expected to cause the alleged symptoms" but did not find that her statements regarding the intensity, persistence, and limiting effects were supported by the medical and other evidence in the record. Tr. 93–94. To support his conclusion, the ALJ noted that Plaintiff had "denied vomiting as a symptom many times since November 2015," does not take medication other than Tums and Aspirin, and did not vomit during her disability hearings. Tr. 94. The ALJ also discounted the intensity of Plaintiff's pain because although "she rated her pain as an 8 out of 10," the ALJ noted that is "not consistent with not taking any pain medication." Tr. 95.

The ALJ's finding here is not supported by substantial evidence. Plaintiff reported having back pain for seven years, and throat pain and vomiting since her thyroidectomy. Tr. 942. Additionally, Plaintiff has received physical therapy with little improvement. Rachel Gregory, PT, worked with Plaintiff on her back pain, and reported Plaintiff "continue[d] to have high levels of pain" and had "worsening irritation with daily activities." Tr. 1000. Plaintiff continued

7 – OPINION AND ORDER

to report pain when seeing PT Young, who observed that Plaintiff "experienced significant pain and fatigue that limited her ability to stand and walk for prolonged periods of time." Tr. 686. Lastly, to the extent that the ALJ relied on Plaintiff's choice of medication (Tums and Aspirin) to discount her level of pain and other symptoms, that is also error.

### C. Lay Witness Testimony

The ALJ erred in rejecting lay testimony from Plaintiff's husband. Generally, "[l]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 511 (citation omitted); *see also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000) ("[A]n ALJ . . . must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay testimony must be germane and specific. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An ALJ's failure to articulate such a germane reason is nonetheless harmless if the "testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina*, 674 F.3d at 1117.

Plaintiff's husband submitted a statement in 2018 attesting to Plaintiff's vomiting and back pain. Tr. 412. Plaintiff's husband indicated that she vomits "at any given time," and that her "back pain limits all movement." Tr. 412–19. He noted that prior to her back pain, she used to be very active, but now he does "most of everything for [their] family." Tr. 419. The ALJ found the statements "neither inherently valuable nor persuasive when compared to the objective medical

evidence." Tr. 92. The ALJ did not expand on his reasoning, and therefore failed to provide germane and specific reasons for rejecting Plaintiff's husband's statement.

## II.     Credit-as-True Analysis

The Court finds that if the persuasive medical opinions were credited as true and properly incorporated into the RFC, the ALJ failed to meet his five-step burden and would be required to find Plaintiff disabled. Based on vocational expert testimony, the ALJ identified three representative occupations that Plaintiff could perform: inspector/handpackager, assembler of small products, and assembler of electrical accessories. Tr. 102. These jobs are categorized as "light work," which requires the ability to occasionally lift 20 pounds and to stand or walk for up to six hours in an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5. Dr. Cvijanovic opined that Plaintiff could not carry more than ten pounds, and that she could only stand for a total of four hours in an eight-hour workday. Tr. 937. Similarly, PT Young opined that Plaintiff could not carry more than ten pounds, would have to be off task for 20% of the workday, and would be absent three to four days per month. Tr. 688–89.

When asked if a person could find employment if she could not lift more than ten pounds, the vocational expert testified that no jobs would be available. Tr. 121. Changing the hypothetical to a person who could lift 20 pounds, the vocational expert identified available jobs. *Id.* However, Plaintiff is not this hypothetical person, and both her personal testimony and the evaluations of her medical providers support that lifting 20 pounds is not attainable for her, and so she is not capable of light work.

Additionally, if Plaintiff's subjective symptom testimony and the lay witness testimony were credited as true, the ALJ would be required to find Plaintiff disabled. Since Plaintiff's thyroid cancer and thyroidectomy, she has experienced constant fatigue. Tr. 137. Plaintiff

9 – OPINION AND ORDER

testified that she needed to lie down six to seven times per day for half an hour because of her fatigue and to alleviate her back pain. *Id.* She testified that her fatigue causes her problems with her concentration, and she has a hard time focusing even on household chores. Tr. 138. Plaintiff's husband testified that Plaintiff's back pain limits her movement, and he now does "most of everything" for their household. Tr. 419.

The vocational expert testified that a person who was off task 15% of the time would not be able to maintain employment. Tr. 123–24. Based on Plaintiff's need for frequent breaks, Plaintiff would be unable to maintain employment. When finding that Plaintiff is capable of light work, the ALJ did not properly take into consideration Dr. Cvijanovic's and PT Young's opinions, Plaintiff's testimony, and the testimony of Plaintiff's husband. Because Dr. Cvijanovic's and PT Young's opinions both limited Plaintiff to lifting no more than 10 pounds, the ALJ failed "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

### III.  Further Proceedings

Defendant argues that further proceedings are necessary because "[t]here are significant factual conflicts and ambiguities in the record," specifically the conflict between the State agency medical consultants and Dr. Cvijanovic and PT Young. Def.'s Br. 3. Dr. Cvijanovic and PT Young determined that Plaintiff had significant limitations, but the State agency medical consultants determined Plaintiff was not disabled and has a "non-severe impairment." Tr. 162, 172. However, "significant ambiguity" is not created solely by rejecting the medical opinions of two of Plaintiff's medical providers. And to the extent that the evidence does conflict, the conflict is not enough to outweigh the rest of the record. Further, "[a]llowing the ALJ to revisit

the medical opinions and testimony that [he] rejected for legally insufficient reasons" does not qualify as a "useful purpose." *Garrison*, 759 F.3d at 1021; *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Defendant has not identified any legitimate gaps or ambiguities in the evidence that would require further development of the record.

### IV.   "Serious Doubts"

Defendant argues that there are "serious doubts" about Plaintiff's disability because of the conflicting opinions of the State agency medical consultants and Plaintiff's medical providers. Def.'s Br. 6. Defendant relies on these conflicts to justify a remand for further proceedings. Even with the State agency medical consultants' opinions, the consideration of the record as a whole convinces the Court that Plaintiff is disabled. "The district court may exercise its discretion to remand the case for an award of benefits." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2017). The record is clear that Plaintiff has several impairments that foreclose her ability to work, most notably her pain and lifting restrictions.

This is a rare instance where remand for an award of benefits is appropriate. Plaintiff satisfies all three requirements under *Garrison*. Consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

### CONCLUSION

For these reasons, the Commissioner's decision finding Plaintiff not disabled is REVERSED and this case is REMANDED for award of benefits.

IT IS SO ORDERED.

DATED this 29th day of April, 2024.

                                                     /s/Michael J. McShane
                                                     Michael J. McShane
                                                     United States District Judge